**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CESAR ZUNIGA, | ) | CASE NO. CV 08-08048 GW (RZ) |
| Petitioner, | ) ) ) | ORDER TO SHOW CAUSE |
| vs. | ) ) | |
| WARDEN, | ) ) | |
| Respondent. | ) ) | |

    The Court issues this Order To Show Cause directed to Plaintiff because the face of the petition suggests that the action may be time-barred.

    In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final, *see* 28 U.S.C. § 2244(d)(1), but for prisoners like Petitioner, whose conviction became final before AEDPA took effect, the limitation period begins with AEDPA's effective date of April 24, 1996. The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after April 24, 1997: the date on which a State-created impediment – itself a violation of constitutional law – was removed; the date on which a newly-recognized constitutional right was established; or the date on which the factual

predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the courts have held that the statute also is subject to equitable tolling. *See Harris v. Carter*, 515 F.3d 1051, 1054 n.5 (9th Cir. 2008).

The current petition was filed on December 5, 2008. From the face of the petition and from judicially-noticeable materials, the Court discerns that –

(a) In April 1992, a Los Angeles County jury convicted Petitioner of first degree murder and other charges, receiving a prison sentence of 33 years to life. Pet. ¶¶ 1-2.

(b) Petitioner appealed, but his direct appeal efforts ended with the California Supreme Court's denial of a petition for review on January 26, 1994.

(c) Petitioner's conviction therefore became final after Tuesday, April 26, 1994, when the Supreme Court's 90-day deadline for a certiorari petition expired. *See* SUP. CT. R. 13.1. Petitioner's 365-day limitations period for the present action started on that date.

(d) Eleven years passed. Late in 2005, Petitioner began a series of state habeas corpus petitions in the trial, state appellate and state supreme courts, all of which rejected relief. *See* Pet. ¶ 7. The California Supreme Court denied the final petition on October 17, 2007.

\* \* \* \* \*

Unless this Court has miscalculated the limitations period, or some form of additional tolling applies in sufficient measure, this action is time-barred. His limitations period appears to have expired in April 1997, one year after AEDPA's effective date. Petitioner's commencement of state habeas proceedings eight and a half years thereafter cannot rejuvenate his stale claim. *Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000). No basis appears in the petition for a later AEDPA-limitations-period starting date. Nor does the face of the petition disclose any basis for equitable tolling. *See Pace v.*

*DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L. Ed. 2d 669 (2005) (equitable tolling of AEDPA statute requires petitioner to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way"), *quoted in Harris, supra*, 515 F.3d at 1054-55.

      This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order.

      If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

      IT IS SO ORDERED.

      DATED:    December 10, 2008

                                      RALPH ZAREFSKY
                                UNITED STATES MAGISTRATE JUDGE